Anna Claire Johnson   SBN 271691
Kari Annette Rudd     SBN 268288
BAY AREA LEGAL AID
1035 Market St. 6th Floor
San Francisco, CA 94103
Phone: (415) 982.1300
Fax: (415) 982.4243
Email: cjohnson@baylegal.org

Attorneys for Plaintiff
JOSEPH SHAMASH

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| JOSEPH SHAMASH,<br><br>                    Plaintiff,<br>v.<br><br>PRIDE ACQUISITIONS LLC, a Limited Liability Corporation; BAKER SANDERS LLC, a Limited Liability Corporation; MICHAEL W. REICH, individually and in his official capacity,<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT AND  DEMAND FOR JURY TRIAL**<br><br>1. **Fair Debt Collection Practices Act** (15 USC § 1692 *et seq*.) |

Plaintiff, JOSEPH SHAMASH, based on information and belief and investigation of counsel, except for those allegations which pertain to Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney's fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in

- 1 -
COMPLAINT

abusive, deceptive and unfair practices.

2. When Congress passed the Fair Debt Collection Practices Act, it made the following findings:

> a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
>
> e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.
>
> 15 U.S.C. § 1692

3. Plaintiff incurred a consumer debt on a credit card. When Plaintiff became unemployed and was facing foreclosure, he defaulted on this debt.

4. Plaintiff's debt was purchased by Defendants, who are third-party debt collectors who regularly attempt to collect debts alleged to be due another.

5. More than four years after Plaintiff defaulted on the debt, Defendants filed a lawsuit in the Superior Court of California, County of Contra Costa, against Plaintiff. This date of the last payment is evidenced by documents which were in Defendants' possession at the time they filed the state court action.

6. Defendants violated the FDCPA when they initiated a lawsuit premised on a debt that was barred by the applicable statute of limitations.

7. When Plaintiff informed Defendants that this debt was time barred, Defendants were unresponsive, aggressive, and threatening. They attempted to intimidate Plaintiff into a settlement agreement of the lawsuit on the time-barred debt.

8. Plaintiff expended considerable time and expense and incurred stress and anxiety in defending this debt.

## II. JURISDICTION

9. Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d), 28 U.S.C. Section 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Section 1367. Declaratory relief is available pursuant to 28 U.S.C. Sections 2201 and 2202.

10. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq.* ("FDCPA").

## III. VENUE

11. Venue in this judicial district is proper pursuant to 28 U.S.C. Section 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. Section 1692k(d), in that Defendants transact business in this judicial district and Defendants' violations of the FDCPA occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

12. This lawsuit should be assigned to the Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Contra Costa

County.

## V. PARTIES

13. Plaintiff, JOSEPH SHAMASH (hereinafter "Plaintiff"), is a natural person residing in Alameda County, California.

14. Plaintiff is a "consumer" within the meaning of 15 U.S.C. Section 1692a(3).[1]

15. Defendant PRIDE ACQUISITIONS, LLC (hereinafter "PRIDE ACQUISITIONS") is a Limited Liability Company engaged in the business of purchasing and collecting consumer debts in this state. Its principal place of business is located at: 130 Shore Road Suite 226, Port Washington, New York 11050. PRIDE ACQUISITIONS may be served at the address for its agent for service of process in California, MICHAEL REICH, at 2995 Woodside Road, Woodside, CA 94062.

16. The principal business of PRIDE ACQUISITIONS is the purchase and collection of debts using the mails and telephone and PRIDE ACQUISITIONS regularly attempts to collect debts alleged to be due another. PRIDE ACQUISITIONS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).[2]

17. Defendant, BAKER SANDERS, LLC, (hereinafter "BAKER SANDERS"), is a corporation engaged in the business of collecting debts in this state with its principal place of business located at: 100 Garden City Plaza Suite 500 Garden City, New York 11530. BAKER SANDERS may be served as follows: BAKER SANDERS, LLC, 100 Garden City Plaza Suite 500 Garden City, New

---

[1] "The term "consumer" means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

[2] "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

York 11530.

18. BAKER SANDERS ' principal business is the collection of debts using the mails and telephone and BAKER SANDERS regularly attempts to collect debts alleged to be due another. BAKER SANDERS is a "debt collector" within the meaning of 15 U.S.C. Section 1692a(6).

19. Defendant, MICHAEL W. REICH (hereinafter "REICH"), is a natural person and licensed attorney in the state of California and is or was an employee and/or agent of BAKER SANDERS at all relevant times. REICH may be served at his current business address at: Law Office of Michael Reich, 700 S. Flower St. 11th Floor, Los Angeles, CA 90017.

20. The principal purpose of REICH's business is the collection of consumer debts due or alleged to be due another. REICH is regularly engaged in the business of collecting consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet. REICH is a "debt collector" within the meaning of 15 U.S.C. Section 1692a(6).

21. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his or her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

### VI. FACTUAL ALLEGATIONS

22. On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by Chase Bank, N.A. (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is

defined by 15 U.S.C. Section 1692a(5).

23. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was sold to Defendant PRIDE ACQUISITIONS LLC.

24. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants BAKER SANDERS and REICH for collection from Plaintiff.

25. On or about January 23, 2013, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Contra Costa County captioned *Pride Acquisitions, LLC v. Joseph Shamash.*, Case No. C13-00128 (hereinafter the "*Pride Acquisitions v. Shamash* complaint"), which sought to collect $47,984.97 in damages.

26. A true and accurate copy of the *Pride Acquisitions v. Shamash* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

27. The *Pride Acquisitions v. Shamash* complaint (Exhibit "1") stated at Paragraph 11 as follows: "Notwithstanding same, less than four years ago, the defendant(s) defaulted in their obligation to pay said account."

28. As a result of the *Pride Acquisitions v. Shamash* complaint (Exhibit "1"), Plaintiff was required to retain legal counsel thereby incurring actual damages in the form of attorney fees and costs.[3]

---

[3] *See, Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k). The non-profit status of Plaintiff's counsel does not

29. The statute of limitations for an action to recover upon any written contract is four years from the date of breach. Cal. Code Civ. Proc Section 337(1).

30. The statute of limitations to recover on an action upon an account stated is four years from the date of the last item charged to the account. Cal. Code Civ. Proc § 337(2).

31. Plaintiff is informed and believes that account statements show that the last item charged to this account was charged on January 11, 2009.

32. Plaintiff is informed and believes, and thereon alleges that the last payment on the debt was made by Plaintiff on December 12, 2008.

33. Plaintiff is informed and believes that a payment was attempted on January 11, 2009, but the payment was not received by Defendants as either a check bounced or there were insufficient funds. No further payments were attempted or made after January 11, 2009.

34. Plaintiff is informed and believes, and thereon alleges that the last payment on the debt was received by Chase Bank, N.A. on December 12, 2008.

35. PRIDE ACQUISITIONS' claims against Plaintiff accrued more than four years prior to the filing of the *Pride Acquisitions v. Shamash* complaint (Exhibit "1"). "A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt."[4]

36. The *Pride Acquisitions v. Shamash* complaint (Exhibit "1") misrepresented the character, amount and legal status of the debt.

37. Upon receipt of the Summons and Complaint, Plaintiff sought to resolve the

---

change this analysis. *See Missouri v. Jenkins* (1989) 491 U.S. 274, 286 (stating that non-profit fees should be "comparable to what is traditional with attorneys compensated by a fee-paying client").
[4] *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) (affirmed by *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011)).

- 7 -
COMPLAINT

matter by informing Defendant PRIDE ACQUISITIONS that the debt was time barred. In March and April of 2013, Plaintiff spoke repeatedly with a paralegal at Defendant BAKER SANDERS who told him that they would "see him in court" and refused to show Plaintiff a payment posted after January of 2009.

38. The paralegal for BAKER SANDERS was unresponsive, aggressive, and threatening to Plaintiff, telling him to admit that he owed the money and demanding that he pay. The paralegal threatened to take the case to trial in an attempt to persuade Plaintiff he should enter into a settlement agreement on this time-barred debt. In doing so, the paralegal for BAKER SANDERS threatened to take an action that cannot legally be taken or that is not intended to be taken.

## VII. CLAIMS

### COUNT I:
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*

39. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

40. Plaintiff brings the first claim for relief against all Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

41. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. Section 1692a(3).

42. Defendant, PRIDE ACQUISITIONS LLC, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. Section 1692a(6).

43. Defendant, BAKER SANDERS LLC, is a "debt collector" as that term is defined

by the FDCPA, 15 U.S.C. Section 1692a(6).

44. Defendant, REICH, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. Section 1692a(6).

45. The financial obligation owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. Section 1692a(5).

46. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. Sections 1692e and 1692e(10) when they filed an action to recover on a time-barred debt.

    b. Defendants misrepresented the character, amount or legal status of the debt, in violation of 15 U.S.C. Section 1692e(2)(A) when they stated in the complaint that debt is not time barred by the California statute of limitations and by telephone when Plaintiff sought to inform them that the debt was time barred.

    c. Defendants attempted to collect a debt that is known by Defendants to be barred by the applicable statute of limitations, in violation of 15 U.S.C. Section 1692f.

    d. Defendants threatened to take an action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. Section 1692e(5).

47. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

48. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney's fees, pursuant to 15 U.S.C.

Section 1692k.

## VIII.  REQUEST FOR RELIEF

49. Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. Sections 1692e, 1692e(2)(A), 1692e(10), and 1692f;

c) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. Section 1692k(a)(1);

d) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. Section 1692k(a)(2)(A);

e) Award Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. Section 1692k(a)(3); and

f) Award Plaintiff such other and further relief as may be just and proper.

BAY AREA LEGAL AID

By: /s/ Anna Claire Johnson
Anna Claire Johnson (SBN 271691)
BAY AREA LEGAL AID
1035 Market St. 6th Floor
San Francisco, California  94103
Telephone Number: (415) 982 1300
Facsimile Number: (415) 982 4243
Email Address: cjohnson@baylegal.org

Attorney for Plaintiff
JOSEPH SHAMASH

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Anna Claire Johnson
Anna Claire Johnson

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOSEPH SHAMASH, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Anna Claire Johnson
Anna Claire Johnson